```
UNITED STATES DISTRICT COURT              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
TERRY WINGATE,                                             :
                                                           :
                              Petitioner,                  :    **MEMORANDUM DECISION AND**
                                                           :    **ORDER**
                - against -                                :
                                                           :    17-cv-4216 (BMC)
                                                           :
G. JONES, *Superintendent of Livingston*                   :
*Correctional Facility*,                                   :
                                                           :
                              Respondent.                  :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254, vacating his state court conviction after a jury trial for second degree assault and first degree criminal contempt, for which he was sentenced to a total of seven years – the statutory maximum on the assault count. The facts will be set forth below as relevant to petitioner's points of error, but to summarize, the assault grew out petitioner's jealously over his former girlfriend, Lisa Malloy, having gotten a new boyfriend, the victim, Bryant Shannon. After petitioner had assaulted Malloy, she obtained an Order of Protection, which he then violated by making multiple harassing calls to her, and when that did not persuade her to resume their relationship, petitioner severely slashed Shannon in the face, badly injuring him. The assault behind petitioner's conviction was the slashing of Shannon; the criminal contempt was the telephone calls he made to Malloy in violation of the Order of Protection.

Petitioner raises two issues in this proceeding: (1) the trial court erred in permitting the prosecution to introduce evidence of petitioner's initial assault of Malloy, as that evidence was so prejudicial that its introduction denied him a fair trial; and (2) the Appellate Division should

have exercised its interest of justice jurisdiction to reduce the seven-year sentence. The first point is without merit, and the second presents no federal constitutional claim. Accordingly, the petition is denied.

## I. Prior bad act evidence

The major issue that the prosecution had to prove at trial was why petitioner had slashed Shannon. On appeal, petitioner's counsel acknowledged that this required, and permitted, the prosecution to put in extensive evidence showing petitioner's obsession and harassment of Malloy because of her relationship with Shannon. Malloy's testimony showed that petitioner harassed her for months through visits, multiple phone calls, and frequent obscene and violent threats and hostile language, although there were occasional breaks of separation or efforts to reconnect on a friendly level. Petitioner's appellate counsel did not challenge this, save for the first link in the chain of harassment that had started it all – during an argument, petitioner had put Malloy in a headlock, leaving her unable to breath, and pulled her hair. Although that was not the only physical act that petitioner had directed at Malloy (he had also snatched her cellphone on a later occasion when he saw her with Shannon), petitioner contended that this first display of violence constituted propensity evidence, *i.e.*, a tendency towards violence, the prejudicial impact of which so outweighed its probative so as to deny petitioner a fair trial.

The argument found some but not complete purchase in the Appellate Division. That court rejected the argument, but held: "The Supreme Court improvidently exercised its discretion in allowing the People to introduce certain uncharged crime evidence. However, contrary to the defendant's contention, under the circumstances of this case, the error did not deprive him of his due process right to a fair trial." People v. Wingate, 142 A.D.3d 630, 36 N.Y.S.3d 607, 608 (2d

Dep't 2016) (internal citations omitted), leave to app. denied, 28 N.Y.3d 1032, 45 N.Y.S.3d 384 (2016) (table).

Because the Appellate Division determined this issue on the merits,[1] its decision attracts the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That statute requires petitioner to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite in character or nature" or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000) (internal quotation marks omitted). A state court decision involves "an unreasonable application" of clearly established federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005).

The Supreme Court has made clear that the AEDPA standard of review is extremely narrow, and is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . . ." Ryan v. Gonzales, 568 U.S. 57, 75 (2013) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 88 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Since Harrington, the Supreme Court has repeatedly admonished Circuit Courts for not affording

---
[1] I do not view the Appellate Division's holding as one of harmless error, which would trigger the need to analyze it under Brecht v. Abrahamson, 507 U.S. 619 (1993). Rather, the Appellate Division recognized that not every abuse of discretion on an evidentiary issue violates the Constitution, and thus addressed the latter separately.

sufficient deference to state court determinations. See, e.g., White v. Wheeler, 136 S. Ct. 456, 460 (2015) ("This Court, time and again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" (quoting Burt v. Titlow, 134 S. Ct. 10, 16 (2013)).

This narrow standard of review presents a doubly difficult burden for petitioner because the standard for habeas corpus relief based on a state court's alleged evidentiary error is already narrow. As the Second Circuit held in Taylor v. Curry, "[e]rroneous [state court] evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue *only* where petitioner can show that the error deprived her of a *fundamentally fair* trial." 708 F.2d 886, 890-91 (2d Cir. 1983) (emphasis in original); accord Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[H]abeas corpus relief does not lie for errors of state law.") (internal quotation marks and citation omitted); Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004) (per curiam). Petitioner thus bears a "heavy burden, for generally, rulings by state trial courts on evidentiary issues, even if erroneous, do not rise to the level of a constitutional violation." Bonet v. McGinnis, 98-CV-6529, 2001 WL 849454, at *2 (S.D.N.Y. July 27, 2001) (internal quotation marks omitted); see also Crane v. Kentucky, 476 U.S. 683, 689 (1986) ("We acknowledge . . . our traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts."); Ayala v. Leonardo, 20 F.3d 83, 91 (2d Cir. 1994).

Petitioner does not come anywhere near meeting this standard. First, although I am required to accept the Appellate Division's conclusion that the trial court exceeded its discretion in admitting the evidence, the evidence had obvious probative value. It was the degree of

petitioner's obsession with Malloy and his explosive volatility that explained why he would slash Shannon. It was particularly probative because petitioner's defense was that another individual who was present at the time of the attack (petitioner's brother and an unidentified individual) was the slasher, not petitioner. And while the evidence of harassment was pervasive (some days, petitioner would telephone Malloy 250 times), the likelihood that it was petitioner who slashed Shannon fit in well with his prior violent attack on Malloy, not because petitioner is a violent person, but because he is a violent person when it comes to Malloy, and, by extension, her new boyfriend, Shannon. Thus, although the Appellate Division viewed the admission of the prior bad act as an abuse of discretion, I view it as a slight abuse of discretion. And that makes it highly unlikely that the ruling violated petitioner's constitutional right to a fair trial.

More fundamentally, for me to hold that the Appellate Division erred in finding that no constitutional violation occurred, I would have to not only disagree with that conclusion, but, as noted above, I would have to find it contrary to or an unreasonable application of Supreme Court authority. And, as one of my colleagues has recently noted, "[t]he Supreme Court has never held that a criminal defendant's due process right is violated by the introduction of prior bad acts or uncharged crimes." Conroy v. Racette, No. 14-cv-5832, 2017 WL 2881137, at *11 (E.D.N.Y. July 6, 2017) (citing Huddleston v. United States, 485 U.S. 681, 685 (1988)); see also Parker v. Woughter, No. 09-cv-3843, 2009 WL 1616000, at *2 (S.D.N.Y. June 9, 2009) ("[P]etitioner cites no Supreme Court case, and the Court is aware of none, holding that the admission of evidence of uncharged crimes violates the Due Process Clause of the Fourteenth Amendment.").

The facts here do not approach what would be necessary to meet the AEDPA standard under the general requirement of due process. The evidence of petitioner's prior assault on Malloy was closely tied to his attack on Shannon; it was not random evidence of a violent

5

disposition. This is particularly true because the challenged evidence was relatively brief, and was overshadowed by the other extensive evidence of petitioner's intent to harass Malloy. I therefore reject plaintiff's point of error as not meeting the required standard for relief under AEDPA.

**II.        Sentencing**

Petitioner did not challenge the constitutionality of his sentence, either at the time of sentencing or in the Appellate Division. On appeal, he merely urged the Appellate Division to exercise its interest of justice jurisdiction to reduce his sentence based on his presentation of various sentencing considerations. As part of that, he asserted that the trial court had noted that petitioner was acquitted of first degree assault, and that if he had not been, it would have sentenced him to a greater amount of time, which petitioner argued was unfair. Petitioner cited no provision of the U.S. Constitution, nor Supreme Court cases, nor any basis under federal law for setting aside a sentence as excessive. The Appellate Division rejected his argument, holding that "[t]he defendant's contention that the sentence imposed was improperly based on the crime of which he was acquitted is unpreserved for appellate review and, in any event, without merit. Moreover, the sentence imposed was not excessive." Wingate, 142 A.D.3d at 630, 36 N.Y.S.3d at 608 (internal citations omitted).

Under 28 U.S.C. § 2254(d), this Court can only review exhausted issues of federal constitutional law. It cannot review the mere exercise of sentencing discretion by the state court. I therefore decline to review the Appellate Division's decision on this point. See, e.g., Jones v. Perez, No. 14-cv-6502, 2015 WL 268917, at *2 (W.D.N.Y. Jan. 21, 2015); Taylor v. Brown, No. 08-cv-8403, 2012 WL 607621, at *3-4 (S.D.N.Y. Feb. 24, 2012). Moreover, even if petitioner had raised a constitutional issue, it is well established that the Constitution is not violated when a

petitioner receives a sentence within the range set by state law.  See White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992).  Thus, there is no constitutional infirmity in petitioner's sentence.

## CONCLUSION

The petition is denied and the case is dismissed.  A certificate of appealability shall not issue as the petition presents no substantial questions.  See 28 U.S.C. § 2253(c).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 8, 2017